UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
NESTOR L. LARACUENTE,

                Plaintiff,                   **MEMORANDUM & ORDER**

               - against -                   15 CV 155 (RJD) (RML)

MAJOR OTIS LLC d/b/a HOMETOWN
BAR-B-QUE, WILLIAM DURNEY, and
CHRISTOPHER MILLER, jointly and
severally,

                Defendants.
------------------------------------------------------------ x

DEARIE, District Judge

      Plaintiff Nestor Laracuente, who brought claims for unpaid wages against defendant Hometown Bar-B-Que ("Hometown") under the Fair Labor and Standards Act ("FLSA"), moves to dismiss Hometown's counterclaims for breach of contract, breach of duty of loyalty, misappropriation, unfair competition, and breach of a loan agreement, arguing that the Court lacks subject matter jurisdiction over these claims. For the following reasons, Laracuente's motion to dismiss is granted.

## BACKGROUND

      Nestor Laracuente was the head pit master at Hometown, a barbecue restaurant in Brooklyn, New York, from September 2013 until December 2014, when he resigned to open his own barbecue restaurant in suburban Connecticut. On January 12, 2015, Laracuente sued Hometown under the FLSA, alleging that he worked in excess of forty hours each week but was not paid overtime wages, in violation of 29 U.S.C. §§ 207 and 215(a)(2).

      On June 8, 2015, Hometown answered and counterclaimed, contending that Laracuente is exempt from the overtime provisions of the FLSA because he qualifies as a bona fide executive,

an administrative employee, and a creative professional under 29 U.S.C. § 213(a)(1). Hometown also claims that Laracuente is liable for breach of contract, breach of duty of loyalty, misappropriation of proprietary information, unfair competition, and breach of a loan agreement. In support of its counterclaims, Hometown alleges that Laracuente executed a "Confidentiality, Intellectual Property and Non-Competition Agreement," in which he agreed not to use or disclose proprietary information during or after his employment, and not to solicit or divert any customers or purveyors of Hometown for one year after his termination. Hometown contends that Laracuente breached this contract by sharing proprietary information regarding cooking techniques and vendor purchasing agreements with Cody Sperry, the owner of a barbecue catering business who, along with Laracuente as his partner, opened a barbecue restaurant in Connecticut on May 15, 2015.

On December 1, 2015, Laracuente moved to dismiss Hometown's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks supplemental jurisdiction over the counterclaims.

## DISCUSSION

In a civil action in which a district court has original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). To constitute the same Article III case or controversy, the "state and federal claims must derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). "In determining whether two disputes arise from a common nucleus of operative fact," the court considers "whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily

brought the facts underlying the state claim before the court." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006) (alterations and internal quotation marks omitted).

"[T]he fact of an employment relationship does not establish a common nucleus of operative fact where it is the sole fact that connects federal and nonfederal claims." Thomas v. EONY LLC, No. 13-CV-8512 (JPO), 2015 WL 1809085, at *5 (S.D.N.Y. Apr. 21, 2015); accord Mori v. El Asset Management, Inc., 15-CV-1991 (AT), 2016 WL 859336, at *3 (S.D.N.Y. Jan. 28, 2016) (declining to exercise supplemental jurisdiction over breach of duty counterclaim in FLSA suit); Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 467-68 (S.D.N.Y. 2012) (declining to exercise supplemental jurisdiction over faithless servant counterclaim in FLSA suit).

Laracuente's federal claim and Hometown's state-law counterclaims do not "derive from a common nucleus of operative fact." Gibbs, 383 U.S. at 725. Laracuente's FLSA claim is a straightforward wage and hour action, which will require specific factual determinations as to Laracuente's hours worked and his rate of pay. In addition, because Hometown asserts that Laracuente qualifies as a bona fide executive, administrative employee, and creative professional under the FLSA, other factual determinations relevant to the federal claim include whether Laracuente was compensated on a salary basis, directed the work of two or more employees, had the authority to hire and fire, managed the enterprise, exercised discretion and independent judgment, and performed work requiring invention, imagination, or originality. See 29 C.F.R. §§ 541.100, 200, 300.

By contrast, Hometown's state-law counterclaims for breach of contract, breach of duty of loyalty, misappropriation, unfair competition, and breach of a loan agreement turn on an unrelated set of facts involving Laracuente's communications with Cody Sperry, the operation of

Laracuente's allegedly competing barbecue restaurant in Connecticut, and the terms of the "Confidentiality, Intellectual Property and Non-Competition Agreement." To be sure, there is a minimal intersection between the federal and state claims in that the "Confidentiality, Intellectual Property and Non-Competition Agreement" may be probative of the nature of Laracuente's employment duties, and, conversely, Laracuente's employment duties may be probative of whether he had access to confidential information. But the connection between the claims ends there. The facts underlying Laracuente's federal claim and Hometown's counterclaims do not "substantially overlap[]," nor does Laracuente's "federal claim *necessarily* br[ing] the facts underlying the state claim[s] before the court." Achtman, 464 F.3d at 335 (emphasis added). Accordingly, Hometown's counterclaims fall outside the Court's supplemental jurisdiction.

## CONCLUSION

For the foregoing reasons, Laracuente's motion to dismiss Hometown's counterclaims is granted.

SO ORDERED.

Dated: Brooklyn, New York
May 17, 2016

s/ RJD

RAYMOND J. DEARIE
United States District Judge

4